IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEROME WILLIAMS**, *et al.*, ) | |
| ) | |
|     **Plaintiffs**, ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0799-WS-B |
| ) | |
| **SAXON MORTGAGE SERVICES**, ) | |
| **INC.**, *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER**

This matter is before the Court on Defendant Ticor Title Insurance Company of Florida's Statement of Appeal of Magistrate Judge's Order (doc. 65).

**I.    Background.**

On April 5, 2007, Magistrate Judge Bivins entered an Order (doc. 56) denying Ticor's Motion for Protective Order (doc. 49). In particular, Ticor had moved for a stay of all discovery as to all defendants in this action pending a ruling on Ticor's motion to dismiss the claims against it. No other defendant had moved for dismissal. Were its motion granted, Ticor reasoned, the need for it to respond to discovery requests would be obviated and the time, effort and expense of responding to same could be avoided. Magistrate Judge Bivins disagreed, concluding that "due to the interrelatedness of the claims asserted against the various Defendants, it is highly likely that Ticor, who acknowledges that it underwrote the title insurance sold to Plaintiffs in connection with their home loan, will be forced to provide some discovery in this case, even if it succeeds on its motion to dismiss." (April 5 Order, at 3.) She also determined that "the harm visited upon Ticor by having to respond to discovery at this early stage does not outweigh the harm that will result from the further delay of discovery in this case." (*Id.*) Based on these considerations and the likelihood of a timely resolution of the motion to dismiss, Magistrate Judge Bivins denied the Motion for Protective Order.

On April 23, 2007, Ticor filed its Statement of Appeal (doc. 65) from the April 5 Order. As grounds for its appeal, Ticor maintains that Magistrate Judge Bivins' ruling was plainly

erroneous and contrary to law because it runs afoul of the Eleventh Circuit's directives in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), and because the motion to dismiss has a strong likelihood of success. On April 27, 2007, the undersigned entered a briefing schedule to allow all parties an opportunity to be heard in connection with the subject of the appeal. Those briefing deadlines having now expired, with no party availing itself of that opportunity, the appeal is ripe for disposition.[1]

## II.   Analysis.

The instant appeal is governed by Rule 72(a), Fed.R.Civ.P., which provides that, when timely objections are made to a magistrate judge's order on a nondispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order ***found to be clearly erroneous or contrary to law***." *Id.* (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same standard); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003) (observing that district court properly applied "clearly erroneous or contrary to law" standard of review in reconsidering magistrate judge's determination of pretrial matter); *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under s 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination ...."). Accordingly, the "clearly erroneous or contrary to law" standard of review is operative here.

Ticor first contends that the Magistrate Judge's decision not to stay discovery during the pendency of the motion to dismiss contravenes *Chudasama*. Ticor correctly points out that the *Chudasama* panel declared that "[f]acial challenges to the legal sufficiency of a claim or defense,

---

[1] The court file reveals a possibility that Ticor's appeal may have been overtaken by intervening events. Indeed, on May 14, 2007, during the pendency of the briefing schedule for the appeal and without seeking an extension until such time as the appeal was decided, Ticor filed a Notice of Service of Responses (doc. 79) reflecting that it had served responses to plaintiffs' first set of interrogatories and requests for production of documents on that date. It is unclear how, if it all, this development affects the pending appeal. Ticor has certainly never advised the Court that it intends to withdraw the appeal or that the appeal is moot. In light of this fact, and the apparent pendency of further discovery requests propounded by plaintiffs against Ticor (see doc. 81), the Court will proceed to rule on the appeal at this time, notwithstanding the fact that Ticor has already responded to plaintiffs' discovery requests.

such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins." 123 F.3d at 1367.  But *Chudasama* did not involve the circumstances in this case, wherein a plaintiff is pursuing multiple interrelated claims against multiple defendants, with only one of those defendants filing a motion to dismiss.[2]  Magistrate Judge Bivins opined that even if Ticor's motion to dismiss were granted, Ticor would remain subject to discovery in this case because of the continued pendency of plaintiffs' claims against the other defendants and Ticor's acknowledged role in the underlying real estate transaction.  Given this finding (which Ticor does not challenge), it was reasonable to conclude, as Magistrate Judge Bivins did, that granting Ticor's blanket Motion for Protective Order would needlessly delay discovery to which plaintiffs would be entitled anyway.  Ticor's appeal does not respond to or in any way address that reasoning, nor does Ticor's appeal explain how such reasoning is inconsistent with *Chudasama*, much less set forth any basis for branding it clearly erroneous or contrary to law.[3]

---

[2]   Ticor concedes that plaintiffs' claims are interrelated; indeed, in its Reply Brief (doc. 55) on the Motion for Protective Order, Ticor characterized all of plaintiffs' claims as being "inextricably intertwined" and indicated that any discovery into plaintiffs' claims against the other defendants would yield "inevitable crossover of discovery impacting the RESPA claims" against Ticor.  (Doc. 55, at 6.)

[3]   The Court recognizes Ticor's present complaint that within two days after entry of the April 5 Order, plaintiffs served on Ticor "broad ranging class-wide discovery demands, involving Ticor's operations in every state in this Country, tens of thousands of title insurance policies, and Ticor's confidential corporate documents."  (Appellant's Brief (doc. 66), at 3.)  The Court further recognizes that plaintiffs' class claims are directed solely at Ticor, not at the other defendants, such that if the claims against Ticor are dismissed, plaintiffs' need for obtaining class-wide discovery from Ticor would evaporate.  But nothing in the record suggests that Ticor ever squarely presented to the Magistrate Judge its concern about being deluged with class-wide discovery that would be rendered wholly unnecessary if Ticor's motion to dismiss were granted.  No such discovery had been propounded when Ticor requested a protective order.  And certainly, nothing in Ticor's Motion for Protective Order (which sought to stay all discovery against all parties, not simply class-wide discovery against Ticor) flagged that point, which Ticor mentioned only obliquely in a reply brief.  Magistrate Judge Bivins' denial of the Motion for Protective Order cannot be struck down as clearly erroneous or contrary to law based on an argument that Ticor never directly posited to her.  Besides, Ticor could have renewed its motion for protective order after receiving the class-wide discovery requests and could have argued that such requests exceeded the scope of Magistrate Judge Bivins' stated rationale for denying the

Next, Ticor maintains that the discovery ruling should be reversed because its pending motion to dismiss has a strong likelihood of success. But Ticor fails to explain why the likelihood of success of its Rule 12(b) motion has any bearing on whether a protective order should be entered. As noted *supra*, Magistrate Judge Bivins' denial of the Motion for Protective Order was predicated on her determination that Ticor would be subject to discovery even if its motion to dismiss were granted. Under this reasoning, whether the motion to dismiss is or is not likely to be successful has no bearing on whether a protective order should be entered, because the point of the April 5 Order was that discovery from Ticor would be necessary regardless of how that motion to dismiss was decided. Clearly, then, Ticor's argument concerning the likelihood of success of its Rule 12(b)(6) motion is not a persuasive ground for overturning the discovery ruling in question.

### III. Conclusion.

The standard of review in this case is whether the appealed-from order is clearly erroneous or contrary to law. It is not enough that the discovery matter could have been decided differently, or even that this Court might have reached a contrary decision had the question been before it on a *de novo* basis. For the reasons stated *supra*, the Court cannot conclude that the Magistrate Judge's Order is clearly erroneous or contrary to law, as would be necessary for such a ruling to be overturned pursuant to Rule 72(a). The Appeal (doc. 65) of the Magistrate Judge's Order dated April 5, 2007 is therefore **denied**. Ticor's objections are **overruled** and Magistrate Judge Bivins' Order denying the motion for protective order is **affirmed.**

DONE and ORDERED this 20th day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

protective order, such that a protective order was appropriate as to that particular category of discovery. Ticor's choice not to do so does not create a valid basis for reversing the April 5 Order.