IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEROME WILLIAMS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0799-WS-B |
| | ) |
| SAXON MORTGAGE SERVICES, | ) |
| INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the undersigned on Saxon Mortgage Services, Inc. and Deutsche Bank National Trust Company's Renewed Motion for Judgment on the Pleadings (doc. 113).[1] The Motion has been briefed and is ripe for disposition at this time.

**I.    Background.**

The Court has extensively recounted the factual and procedural history of this action in its previous rulings, and will not reiterate it here.  In brief, this action arises from a residential real estate transaction involving plaintiffs and defendants Saxon Mortgage Services, Inc. ("Saxon") and Deutsche Bank National Trust Company ("Deutsche"), among others.[2]  The Third Amended Complaint (doc. 104) filed on September 2, 2007 includes claims against Saxon and Deutsche under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA") and the Home

---

[1]    The appellation given this Motion is somewhat confusing.  As to defendant Saxon, it is a renewed motion, inasmuch as Saxon previously filed a Motion for Judgment on the Pleadings (doc. 93) that was granted in part and denied in part.  Defendant Deutsche had never appeared in this action prior to the filing of the instant Motion, however, so it is certainly not a "renewed" Motion with respect to that defendant.

[2]    More specifically, plaintiffs contend that the loan originated with defendant Homeowners Loan Corporation ("HLC") and that HLC actually committed the statutory violations underlying plaintiffs' claims herein.  However, plaintiffs also contend that "Saxon and Deutsche are assignees of the Plaintiffs' loan within the meaning of 15 U.S.C. § 1641 and are liable for damages and other remedies, including rescission pursuant [*sic*] 15 U.S.C. § 1641(d)(1) and other applicable law."  (Third Amended Complaint, ¶ 25.)

Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa) and 1639 ("HOEPA").  The gravamen of the TILA claim is that disclosures made in connection with the closing understated the finance charge by omitting certain fees, while the HOEPA claim is predicated on the notion that defendants failed to provide certain required disclosures for high-rate mortgages and wrongfully imposed pre-payment penalties and a due-on-demand clause.  In both of these claims, plaintiffs seek damages, rescission of the mortgage transaction, and other relief.

Ruling on Rule 12(c) motions filed by Saxon and other defendants (although not Deutsche, which was first named as a defendant in the Third Amended Complaint) relating to plaintiffs' Second Amended Complaint (doc. 61), the Court entered an Order (doc. 114) on September 27, 2007 that, *inter alia*, concluded that plaintiffs' TILA and HOEPA claims for money damages were barred by the governing one-year statute of limitations.  In so concluding, the Court found that the doctrine of equitable tolling was inapplicable because, under well-developed case law, the fraudulent acts providing the factual predicate for a TILA claim cannot also satisfy the factual predicate for equitable tolling, else the limitations period established by Congress would be meaningless.  That said, the September 27 Order provided that plaintiffs' rescission claims under TILA and HOEPA were not time-barred because the one-year limitations period for those claims runs from 20 days after plaintiffs gave notice of rescission.  That date of notice occurred on December 29, 2006 with respect to Saxon and on either that date or August 8, 2007 with respect to Deutsche.  (Third Amended Complaint (doc. 104), at ¶ 39.)  As such, the rescission claims are plainly timely, and defendants have never maintained otherwise.

Defendants Saxon and Deutsche now seek judgment on the pleadings with respect to the TILA and HOEPA claims asserted against them in the Third Amended Complaint pursuant to the following arguments: (1) Deutsche is entitled to dismissal of the damages claims on limitations grounds, to the same extent that Saxon is; and (2) Saxon can have no liability under TILA because it is a mere loan servicer.[3]  As the Court reads the Motion, Deutsche does not seek

---

[3]      In briefing its Motion for Judgment on the Pleadings as to the Second Amended Complaint, Saxon improperly waited until its reply brief to assert the loan servicer argument for the first time.  The Court refused to consider that argument on grounds that it was raised in a procedurally improper fashion.  (September 27 Order, at 10-11.)  Ordinarily, a movant would not be given a second bite at the apple to raise and brief an issue that could and should have been

judgment on the pleadings with respect to either the TILA or the HOEPA rescission claims; therefore, the Court need not consider plaintiffs' arguments that any such judgment on the pleadings would be unwarranted.[4]

## II.   Analysis.

As noted *supra*, the Court has previously found that plaintiffs' TILA and HOEPA claims for damages are time-barred with respect to defendant Saxon.  In the interest of affording all parties a fair opportunity to be heard, the Court ordered briefing on the question of whether Deutsche's statute of limitations argument was analytically distinct from those interposed by Saxon and HLC.  (*See* doc. 115.)  In response, the parties have not identified any respect in which the limitations issue as to Deutsche differs from that decided as to Saxon and HLC in the Court's previous Order.[5]  Accordingly, Deutsche's Motion for Judgment on the Pleadings is **granted** as to the TILA and HOEPA claims for statutory and actual damages, and those claims are **dismissed** for the reasons set forth in the September 27 Order; provided, however, that plaintiffs may proceed against Deutsche on their TILA and HOEPA causes of action for rescission of the underlying transaction.

Saxon also argues that it is entitled to judgment on the pleadings because it is exempt from TILA and HOEPA liability in that "Saxon is not an assignee, but only a loan servicer." (Motion (doc. 113), at 2.)  It is certainly a correct statement of law that loan servicers are

---

presented earlier; however, the Court will permit Saxon to do so here because Saxon's prior Rule 12(c) Motion related to the Second Amended Complaint while the currently pending Motion relates specifically to the Third Amended Complaint.

[4]    Movants' Motion and brief are not entirely clear as to what relief they seek; however, the Court takes its cues from the closing paragraph of their brief, wherein Saxon and Deutsche state as follows: "In summary, Saxon, as servicer is entitled to judgment on the pleadings for all claims as a servicer has no liability under TILA.  Deutsche, as assignee, is entitled to judgment on the pleadings with regard to the TILA and HOEPA claims for statutory and actual damages."  (Movants' Brief (doc. 112), at 5-6.)

[5]    Indeed, movants have specifically argued that the limitations analysis should be identical for Deutsche as for Saxon and HLC.  And plaintiffs acknowledged that "Defendants' motion is similar to the motion filed by HLC which this Court granted in its order dated September 27, 2007" (Plaintiffs' Brief (doc. 116), at 4), without offering any basis for distinguishing the analysis as to Deutsche.

generally not liable under TILA and HOEPA.  *See, e.g.,* 15 U.S.C. § 1641(f)(1) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.");  *In re Hopkins*, 372 B.R. 734, 740 n.1 (Bankr. E.D. Pa. 2007) ("in general, TILA claims would not yield any relief against loan servicers"); *Pierce v. Ocwen Loan Servicing*, 2006 WL 1994571, *4 (M.D.N.C. July 14, 2006) ("as a loan servicer, and not a lender, Defendant is excepted from liability under TILA").  Saxon's problem is twofold.  First, Saxon has previously held itself out in this very litigation as "an assignee of HLC."  (Saxon Motion for Judgment on the Pleadings (doc. 93), at 1-2.)[6]  Saxon offers no explanation whatsoever for the position it now takes in its Motion for Judgment on the Pleadings, which controverts previous representations it has made to this Court herein.  *See generally United States v. Campa*, 459 F.3d 1121, 1152 (11th Cir. 2006) (observing that doctrine of judicial estoppel "is designed to prevent parties from making a mockery of justice by inconsistent pleadings") (citation omitted).[7]

Second, even if Saxon could overcome the defect of its inconsistent position, its argument would nonetheless founder at this Rule 12(c) stage.  "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted); *see also Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1232 (11th Cir. 2005).  In that context,

---

[6]     Similarly, in its Answer (doc. 78) to the Second Amended Complaint, Saxon stated as its sixth defense "that it is an assignee and an assignee has no liability for any alleged violations not apparent on the face of the disclosure documents."  (*Id.* at 2.)

[7]     Saxon's present position is also directly contrary to the representations it made to plaintiffs prior to the outset of this action, wherein Saxon informed plaintiffs' counsel in writing that Saxon "is the current holder of the note to this loan" and that Saxon "purchased the loan from Countrywide Home loans on October 21, 2005."  (Doc. 116, at Exh. B.)  Thus, not only is Saxon's present stance in conflict with its prior representations to this Court, but it also directly contradicts its prior statements to opposing counsel.  These circumstances demonstrate a clear factual question as to whether Saxon is or is not a loan servicer, and suggest that Saxon should closely scrutinize the evidence on its loan servicer argument to satisfy itself that it has a good faith basis for pursuing that argument any further in this litigation.

the Court "must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *King v. American Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002) (likening Rule 12(c) standard to that used in reviewing Rule 12(b) motions, and imposing on trial court the responsibility to accept all allegations of complaint as true and draw all reasonable inferences in favor of the nonmovant). Dismissal pursuant to Rule 12(c) is proper only where after reviewing the pleadings "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations" therein. *Horsley*, 292 F.3d at 700.

Here, the Third Amended Complaint specifically alleges that "Saxon and Deutsche are assignees of the Plaintiffs' loan." (Third Amended Complaint, ¶ 25.) The Third Amended Complaint further alleges that plaintiffs' loan was "subsequently assigned to Defendant Saxon, which currently holds and services the loan." (*Id.*, ¶ 7.) Yet Saxon would have the Court ignore these factual allegations on its Rule 12(c) motion, but instead accept on the mere say-so of Saxon's counsel (with no supporting evidence of any kind) that it is properly classified as a loan servicer and not as an assignee. This the Court cannot do at the Rule 12(c) stage, and Saxon concedes as much by acknowledging in an untimely reply brief that "there may be an issue not resolved by the pleadings as to whether or not Saxon is a servicer only and not an assignee." (Doc. 117, at 2.) Accepting the facts alleged in the Third Amended Complaint as true and viewing them in the light most favorable to plaintiffs, Saxon is the current holder of the loan, is an assignee of the loan, and therefore does not qualify as a mere "loan servicer" within the meaning of TILA. The Motion for Judgment on the Pleadings is **denied** on this point.[8]

---

[8]     To the extent that Saxon or Deutsche might have intended to raise as a separate ground that it is entitled to judgment on the pleadings as to the HOEPA claims pursuant to 15 U.S.C. § 1641(d)(1), the Court likewise rejects that contention. Section 1641(d)(1) provides that for HOEPA loans assignees are liable for all claims to the same extent as the creditor of the mortgage unless they demonstrate "by a preponderance of the evidence, that a reasonable person exercising ordinary due diligence, could not determine ... that the mortgage was a mortgage referred to in section 1602(aa) of this title." 15 U.S.C. § 1641(d)(1); *see also Cooper v. First Gov't Mortg. & Investors Corp.*, 238 F. Supp.2d 50, 55 (D.D.C. 2002) ("Courts have interpreted section 1641(d)(1)'s due diligence requirement as placing the burden on an assignee to prove, by a preponderance of the evidence, that the assignee could not reasonably determine, could not determine, or did not know that the loan was a HOEPA loan."). Movants' position is that the

**III.    Conclusion.**

For all of the foregoing reasons, Saxon Mortgage Services, Inc. and Deutsche Bank National Trust Company's Renewed Motion for Judgment on the Pleadings (doc. 113) is **granted in part**, and **denied in part**.  The Motion is **granted** insofar as it seeks dismissal of the TILA and HOEPA claims for damages (and not rescission) against Deutsche, and those claims are **dismissed** as untimely.  In all other respects, the Motion is **denied**.

DONE and ORDERED this 25th day of October, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

mere failure to provide assignee notices (as alleged in Paragraph 44 of the Third Amended Complaint) is sufficient to satisfy their burden because in the absence of those notices, "there was no way for an assignee to know that the loan was subject to HOEPA."  (Movants' Brief, at 5.)  This argument is incorrect as a matter of law, inasmuch as there are myriad ways an assignee could reasonably determine in ordinary diligence from documents provided that a loan was a HOEPA loan, even in the absence of assignee notices.  At this early stage, the undersigned cannot discount the possibility that movants could reasonably have determined upon the exercise of due diligence that plaintiffs' loan was a HOEPA loan, much less hold that movants have satisfied their burden of proving otherwise.  This argument is, at best, premature.