IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEROME WILLIAMS, LINDA WILLIAMS, and CLAUDE WILLIAMS, Individually and on behalf of all similarly situated individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOMEOWNERS LOAN CORP., et al.<br><br>    Defendants. | CIVIL ACTION NO.<br>06-0799-B |

_____

**HOMEOWNERS' LOAN CORP.'S RESPONSE TO MOTION FOR ORDER CERTIFYING FOR INTERLOCUTORY APPEAL**
_____

COMES NOW Homeowners Loan Corp. ("HLC") and responds to Plaintiffs' Motion for Order Certifying for Interlocutory Appeal under 28 U.S.C. § 1292(b) as follows:

## INTRODUCTION

Plaintiffs seek to have the Court certify for interlocutory appeal, the Orders issued by the Court September 27, 2007 (Doc. 114) and October 25, 2007 (Doc. 118) ("Orders").[1]  In its Orders, the Court dismissed Plaintiffs' TILA and HOEPA

---

[1] Only the September 27, 2007 Order addresses claims against *HLC*, but the October 25, 2007 Order, which does not address claims against HLC, addresses the same legal issues.

claims for being time-barred. Specifically, the Court determined as a matter of law that the doctrine of equitable tolling cannot apply to the statute of limitations for the Truth in Lending Act ("TILA") when such theory is solely based on alleged non-disclosures in the loan closing documents. As a result, Plaintiffs' only remaining claims against HLC are Plaintiffs' rescission claims under 15 U.S.C. § 1635. Plaintiffs, however, now seek to certify for appeal issues arising from the Court's decision to deny equitable tolling and dismiss Plaintiffs' claims as time-barred.

These issues should not be certified for interlocutory appeal under the requirements of § 1292(b). First, there can be no substantial ground for difference of opinion on these issues. Second, an immediate appeal from the Orders would not materially advance the ultimate termination of the litigation. HLC, therefore, respectfully requests that the Court deny Plaintiffs' motion.

## ARGUMENT

I. **THIS ISSUE IS INAPPROPRIATE FOR INTERLOCUTORY REVIEW**

As a practical matter, Plaintiffs seek what should only be granted in the most extraordinary of circumstances. "The Eleventh Circuit has couched § 1292(b) interlocutory review as a 'rare exception' to the general premise that the great bulk of appellate review must be conducted after final judgment." *Gipson v. Mattox*, 2007 WL 128741, *8 (S.D. Ala. Jan. 12, 2007) (quoting *McFarlin v. Conseco*

2

*Services, LLC,* 381 F.3d 1251, 1264 (11th Cir. 2004)). "'Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.'" *Id.* (quoting *McFarlin*, 381 F.3d at 1259).

Moreover, Plaintiffs fail to satisfy at least two of the requirements set forth under § 1292(b) before a court can certify an issue for interlocutory appeal.

### A. There can be no substantial ground for difference of opinion on this issue.

Plaintiffs fail to even attempt to articulate an argument for how there is substantial ground for difference of opinion on this particular issue. Indeed, no substantial ground exists. In its September 27, 2007 Order, this Court illustrated the overwhelming precedent holding that equitable tolling is not applicable to the TILA statute of limitations when such theory is solely based on alleged non-disclosures in the loan closing documents. *See* September 27, 2007 Order (Doc. 114) at *7-8. Despite the numerous times this issue has been raised, there have been no cases indicating otherwise; thus, there is absolutely no disagreement on this issue, much less substantial ground for difference of opinion. *See Ridling v. Armstrong World*, 627 F. Supp. 1057, 1065 (S.D. Ala. 1986) (despite one "novel opinion[,]" movant failed to establish the requisite "substantial" conflict of opinion required under § 1292(b), in light of the "well-established precedent" otherwise); *Carugati v. INA Life Ins. Co. of New York*, 1997 WL 695658, *3 (N.D. Ill. 1997) (no substantial ground for difference of opinion when the majority of precedent

3

was against movant). The mere fact that the Eleventh Circuit has not addressed the issue does not establish some substantial ground for a difference of opinion. *See Federal District Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (E.D. Wis. 1985) (citation omitted); *In re Auto Dealer Services, Inc.*, 81 B.R. 94, 97 (M.D. Fla. 1987) (citing FDIC opinion and agreeing that there must be at least two opinions holding in favor of movant's argument before there can be a substantial ground for difference of opinion); *In re Pacific Forest Products Corp.*, 335 B.R. 910, 922 (S.D. Fla. 2005) (citing *In re Auto Dealer* for the same principles). Consequently, Plaintiffs' motion should be denied.

**B.     Appeal from the Orders would not materially advance the ultimate termination of the litigation.**

Plaintiffs have also failed to make any legitimate argument for how an appeal of this issue would materially advance the ultimate termination of the litigation in this case. An appeal materially advances the ultimate termination of the litigation only when "resolution of [the] controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Gipson*, 2007 WL 128741, *9 (quoting *McFarlin*, 381 F.3d at 1259). Plaintiffs' sole argument for satisfying this standard is that interlocutory appeal would foreclose the possibility of two separate trials on essentially the same factual issues, if Plaintiffs' instant motion were denied and then Plaintiffs were successful on appeal – "one for the rescission claims and one for the underlying TILA violations, after appeal."

First of all, irrespective of the outcome of the appeal, this issue would not be dispositive of or have preclusive effect on the remaining claims. The rescission claims could still proceed. If a judge is overturned on a ruling that would not have dispositive or preclusive effect on the remaining claims, after the case goes to trial on the remaining claims, the case would still always have to be retried to address that particular issue. Therefore, if that was the only requirement to be met for this prong, then it would always be met. This Court has previously rejected such notion. *See Gipson*, 2007 WL 128741 at *9 (when outcome of appeal would not have any preclusive or dispositive effect on the remaining claims that were ready for trial, allowing such appeal would do nothing but delay the trial and invite piecemeal appeals). Plaintiffs, therefore, should not be entitled to have this issue certified for appeal.[2]

Moreover, even if this Court's ruling was reversed on appeal, Plaintiffs' argument that there would have to be another trial on the same factual issues is

---

[2] HLC recently filed a Motion for Summary Judgment as to Plaintiffs' Rescission Claim, or alternatively, a Motion to Alter the Statutory Rescission Process. *See* Docs. 121-22. If the Court were to ultimately grant HLC summary judgment on the rescission claim, then the merits of the rescission claim (which would hinge on the merits of the alleged TILA/HOEPA violations) would obviously not be addressed, which would potentially give rise to the parties having to litigate the merits of Plaintiffs' TILA/HOEPA claims, in the event Plaintiffs' instant motion was denied and Plaintiffs were successful on appeal. Even in this instance, there would still be no danger of two trials on the same factual issues, as Plaintiffs argue, because this issue would not have dispositive or preclusive effect. *See Gipson*, 2007 WL 128741 at *9. It would be more proper for Plaintiffs to appeal such a decision at the same time as this Court's statute of limitations ruling, rather than the appellate court having to take up the issues on a piecemeal basis. *See id*.

{B0776998}

simply incorrect. The requirements for proving Plaintiffs' only remaining claim – the rescission claim – are the same as those for Plaintiffs' dismissed TILA/HOEPA failure to disclose claims. Thus, if the rescission claims go to trial and HLC loses, and Plaintiffs subsequently appeal the TILA/HOEPA dismissal and it is subsequently overturned, Plaintiffs, by prevailing on their rescission claims, have already proved their TILA/HOEPA disclosure claims. Of course, if Plaintiffs were to lose on the rescission claim, then the case would be over; in that, merely overturning the statute of limitations issue would not revive Plaintiffs' case. Consequently, the interlocutory appeal would do nothing to expedite the litigation.

Similarly stated, the only issue implicated by the statute of limitations question is the appropriate amount of relief – whether time-barred damages can also be recovered. If Plaintiffs were to prevail on the rescission claim and on appeal the statute of limitations ruling were overturned, the TILA "damages" claim (which is a minor issue) could quickly be resolved. Plaintiffs' motion should, therefore, be denied on this basis as well.

## CONCLUSION

Certification for interlocutory appeal would be entirely inappropriate in this case due to there being no substantial ground for difference of opinion on these issues. Moreover, an appeal would do nothing to materially advance the termination of this litigation. As a result, HLC respectfully requests that this Court

deny Plaintiffs' Motion for Order Certifying for Interlocutory Appeal under 28 U.S.C. § 1292(b).

**DATED:**   **November 5, 2007**

                                            Respectfully submitted,

                                              **/s/ John P. Scott, Jr.**
                                            John P. Scott, Jr. (ASB-3636-O69J)
                                            Rik S. Tozzi (ASB-7144-Z48R)
                                            Robin H. Jones (ASB-0769-R51J)
                                            STARNES & ATCHISON, LLP
                                            100 Brookwood Place, 7th Floor
                                            P. O. Box 598512
                                            Birmingham, Alabama 35259-8512
                                            Phone:   (205) 868-6000
                                            Fax:       (205) 868-6099
                                            jps@starneslaw.com
                                            rst@starneslaw.com
                                            rhj@starneslaw.com
                                            **Attorneys for Homeowners Loan Corp.**

**OF COUNSEL:**
STARNES & ATCHISON, LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, Alabama 35259-8512

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Earl P. Underwood | epunderwood@alalaw.com |
| Kenneth J. Riemer | kjr@alaconsumerlaw.com |
| George R. Irvine, III | gri@sgclaw.com |
| Derek E. Diaz | ddiaz@hahnlaw.com |
| Henry A. Callaway, III | hcallaway@handarendall.com |
| Louis Clifton Norvell | louisn@handarendall.com |
| Robert Fogarty | rjfogarty@hahnlaw.com |
| Steven Goldfarb | sagoldfarb@hahnlaw.com |
| Daniel Lewis Feinstein | dlfeinstein@msplaw.com |

                                        **/s/ Robin H. Jones**
                                        **OF COUNSEL**