IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEROME WILLIAMS,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0799-WS-B |
| ) | |
| **SAXON MORTGAGE COMPANY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on plaintiffs' Motion for Order Certifying For Interlocutory Appeal under 28 U.S.C. § 1292(b) (doc. 120). The Motion has been briefed and is now ripe for disposition.[1]

**I.     Background.**

Plaintiffs Jerome Williams, Linda Williams and Claude Williams, Sr., have brought claims against defendants Saxon Mortgage Services, Inc., Homeowners Loan Corporation, and Deutsche Bank National Trust Company, pursuant to the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA") and the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa) and 1639 ("HOEPA"). The relief sought by plaintiffs in these claims includes both damages and rescission of the underlying home mortgage loan transaction.

In a pair of Orders (docs. 114, 118) entered on September 27, 2007 and October 25, 2007, the undersigned dismissed plaintiffs' TILA and HOEPA claims for damages (but not rescission) on the ground that the damages claims are time-barred by the applicable one-year statute of limitations.[2] The September 27 Order explained the Court's reasoning in some detail,

---

[1]     In particular, two sets of defendants filed two separate briefs in opposition to plaintiffs' Motion.  (*See* docs. 126 & 127.)  Although plaintiffs were afforded an opportunity to reply to the arguments presented in defendants' briefs, they elected not to do so.

[2]     This ruling was spread across two orders and a four-week period because of plaintiffs' delay in bringing claims against (and serving process on) defendant Deutsche, and the accompanying staggered briefing that resulted in the same issue being presented to the undersigned for disposition by different defendants twice in a one-month span.

including the following: (a) all parties agree that plaintiffs' TILA and HOEPA claims are subject to a one-year limitations period, pursuant to 15 U.S.C. § 1640(e); (b) this action is predicated on a loan transaction that closed on March 30, 2005, some 20 months before plaintiffs filed their Complaint; (c) equitable tolling is available in the TILA context; and (d) plaintiffs' equitable tolling argument fails as a matter of law because, absent some affirmative deception, the mere nondisclosure of fees does not trigger equitable tolling. In support of this last point, the September 27 Order cited more than a dozen TILA cases from around the country in which federal courts have uniformly required some fraudulent conduct beyond the mere nondisclosure of fees before equitable tolling applies.

In their present Motion, plaintiffs ask this Court to certify the question of the applicability of equitable tolling to their TILA claims for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In particular, plaintiffs express a desire to pursue an immediate appeal on the questions of whether equitable tolling in the TILA context requires fraudulent conduct beyond the mere nondisclosure itself, and if so, whether misrepresentations concerning certain real estate settlement charges might satisfy the requirement. Defendants oppose plaintiffs' request on the ground that the statutory requirements for interlocutory appeal are not satisfied in this case.

**II.     Analysis.**

   **A.     Legal Standard Under 28 U.S.C. § 1292(b).**

When a district judge entering an interlocutory ruling "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). The Eleventh Circuit has characterized § 1292(b) interlocutory review as a "rare exception" to the general premise that the great bulk of appellate review must be conducted after final judgment. *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004); *see also United States v. One Parcel of Real Property With Bldgs., Appurtenances & Improvements*, 767 F.2d 1495, 1498 (11th Cir. 1985) (recognizing "strong presumption against interlocutory appeals"); *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004) ("Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare."); *Gipson v. Mattox*, --- F. Supp.2d ----, 2007 WL 128741, *8 (S.D. Ala. Jan. 12, 2007) (similar).

"Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin*, 381 F.3d at 1259; *see also Gipson*, 2007 WL 128741, at *8 (same).

The statute authorizes a district court to certify an order for interlocutory appeal only where the following criteria are satisfied: (1) "such order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also McFarlin*, 381 F.3d at 1256 (describing these three criteria as the "core requirement" for § 1292(b) certification); *Simpson v. Carolina Builders Corp.*, 2007 WL 906429, *1 (11th Cir. Mar. 27, 2007) (identifying and relying on these same statutory factors). After careful review of the parties' arguments and the underlying Orders, the Court finds that the second and third statutory prerequisites are not satisfied here.

>    B.    *Substantial Ground for Difference of Opinion.*

As for the "substantial ground for difference of opinion" factor, "a court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute." *APCC Servs., Inc. v. AT & T Corp.*, 297 F. Supp.2d 101, 107 (D.D.C. 2003). As mentioned, the September 27 Order documented more than a dozen federal cases finding and persuasively explaining why equitable tolling in the TILA context requires some fraudulent conduct beyond the mere nondisclosure of fees which constitutes the TILA violation. Indeed, as the September 27 Order explained, were plaintiffs able to rely on the same conduct to show both a violation of TILA and fraudulent nondisclosure giving rise to equitable tolling, "the statute of limitations would be rendered meaningless because those nondisclosures are the very essence of a TILA violation in the first place." (Doc. 114, at 7.) Plaintiffs have failed to identify any authorities that are contrary to the daunting wall of precedent cited in the September 27 Order, much less to provide any plausible legal argument that might support the opposite conclusion. The Court is aware of, and plaintiffs have proffered, neither authority nor argument reflecting that reasonable judicial minds could differ as to whether fraudulent conduct beyond the mere nondisclosure of fees is necessary to trigger equitable tolling in the TILA context.

Instead, plaintiffs' sole basis for arguing that there is a substantial ground for difference

of opinion is its hollow statement that the Eleventh Circuit has yet to rule definitively on this question. The mere absence of binding authority does not constitute a showing sufficient to satisfy § 1292(b), where numerous federal decisions are adverse to the movants' position and movants have failed to cite a single case authority or legal argument that might demonstrate the existence of room for *bona fide* disagreement on the issue.  As such, the Court readily concludes that there is no substantial ground for difference of opinion on the primary issue identified by plaintiffs, and that certification of interlocutory appeal as to that issue is therefore inappropriate. *See, e.g., In re Flor*, 79 F.3d 281, 284 (2nd Cir. 1996) ("the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion"); *State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995) (observing that district courts "have not been bashful about refusing to find substantial reason to question a ruling of law, even in matters of first impression") (citation omitted); *Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992) (finding no substantial ground for difference of opinion, where there was one lower-court decision contrary to district court's ruling, but statutory language was clear); *United States v. Grand Trunk Western R. Co.*, 95 F.R.D. 463 (W.D. Mich. 1981) (merely questioning the correctness of the ruling, without more, does not warrant certifying an issue for interlocutory appeal under § 1292(b)).[3]

---

[3] The same conclusion attaches to the "secondary question" identified in plaintiffs' Motion, wherein they challenge whether, assuming fraudulent conduct beyond a mere nondisclosure is needed to trigger equitable tolling, "that requirement is met where the TILA violations are attended by affirmative representations concerning the nature, amount and payee surrounding certain real estate settlement charges." (Motion, at 2.)  Plaintiffs have never developed or explained this argument.  They are apparently suggesting that the misstatement of certain real estate settlement charges (all of which relate to now-dismissed RESPA causes of action) can constitute fraudulent concealment of their TILA causes of action; however, they have never articulated any rationale for their position that misrepresentation of real estate settlement charges in the loan documents could amount to legally cognizable fraudulent concealment of alleged TILA violations.  It is extraordinarily difficult to imagine how alleged misrepresentations concerning real estate settlement charges (which the Complaint couches in terms of RESPA violations) could amount to fraudulent concealment of TILA or HOEPA violations.  Plaintiffs have failed to explain this nexus.  There not appearing to be any logical, legally-supported reasoning that could support such a finding, it is the opinion of this Court that there are no substantial grounds for difference of opinion as to this "secondary question" either.

### C. *Material Advancement of Ultimate Termination of Litigation.*

Even if the "substantial ground for difference of opinion" criterion were satisfied, the Court would nonetheless decline to grant plaintiffs' request for interlocutory appeal because the proposed appeal would flunk the requirement that it must "materially advance the ultimate termination of the litigation." § 1292(b). The Eleventh Circuit has explained that this requirement means precisely what it says, to-wit: that "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259; *see also Gipson*, 2007 WL 128741, at *9 (same).

In the present case, granting leave to file an interlocutory appeal will not materially advance the termination of the litigation. This action is virtually ready for trial. Discovery has closed. Briefing of dispositive motions is underway. Trial is set for the February 2008 civil term. Nothing in plaintiffs' proposed appeal would have a preclusive or dispositive effect on the rescission causes of action that are now set for trial. To allow an appeal of the limitations issue for the Williamses' damages claims now would be to derail the impending trial, banishing plaintiffs' rescission claims to limbo indefinitely until the appeal is completed. Moreover, plaintiffs' stated concerns about the risk of "two separate trials on essentially the same factual issues" (Motion, ¶ 4) are speculative because they are predicated on the following assumptions: (a) that the Court of Appeals would find plaintiffs' damages claims not to be time-barred, and (b) that a trial on the rescission claims would not definitively resolve all liability issues pertaining to the damages claims. Neither assumption appears reasonable. As discussed *supra*, overwhelming authority and compelling legal arguments support this Court's determination on the limitations issue. Given plaintiffs' failure to identify any reasonable countervailing arguments or authorities, any interlocutory appeal of the limitations question appears destined to fail. Furthermore, plaintiffs have not explained, and the Court cannot discern, why it would be necessary to conduct two repetitive trials on the TILA/ HOEPA issues. Presumably, the February 2008 trial of the rescission claims will lead to a definitive resolution of whether defendants failed to make required disclosures concerning finance charges, fees, and the like. Even if the appellate court reversed the September 27 and October 25 Orders concerning timeliness of the damages claims, it would be unnecessary to retry the liability issues as to whether TILA and HOEPA had been violated. Indeed, if both the February 2008 trial and the

proposed interlocutory appeal were decided in plaintiffs' favor, then all that would remain would be to fix the amount of damages for plaintiffs' TILA/HOEPA claims, an issue that could not have been litigated in the February 2008 trial.  There would be no redundancy and no inefficiency in deciding damages at that time.  By contrast, if either the February 2008 trial or the proposed appeal were decided in a manner unfavorable to plaintiffs, their damages claims would fail as a matter of law (either because there was no TILA/HOEPA violation or because those claims are time-barred) and there would be nothing left to decide in this Court.  Either way, plaintiffs' stated concern over redundant trials would not come to fruition.  And either way, a new round of appeals concerning the outcome of the February 2008 trial might be brought, raising the specter of piecemeal appeals.

In short, the third element for § 1292(b) certification is not present here.  This case is on the cusp of being ready for trial now, and an appeal (regardless of its outcome) would delay, not obviate the need for, a trial.  Thus, the Court concludes that certification of an interlocutory appeal on the damages question would not materially advance the ultimate termination of the litigation, because it would neither serve to avoid a trial nor otherwise substantially shorten the litigation.  Rather, allowing an interlocutory appeal here would do nothing more than delay the trial of the rescission claims, invite piecemeal appeals, and oblige the appellate court to decide a limitations issue that may be mooted by the outcome of the trial on the rescission claims.

**III.    Conclusion.**

For all of the foregoing reasons, plaintiffs' Motion for Order Certifying for Interlocutory Appeal (doc. 120) is **denied**.  This action remains set for a Final Pretrial Conference on **January 15, 2008** at **10:30 a.m.**, with trial to follow during the **February 2008** civil term.

DONE and ORDERED this 15th day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE