Charles R. Diard Jr.
Clerk, U.S. District Court
113 SAINT JOSEPH ST
MOBILE  AL  36602-3606

---

September 18, 2008

**Appeal Number: 08-10303-HH**
Case Style: Jerome Williams v. Countrywide Home Loans
District Court Number:  06-00799 CV-WS-B

TO:    Charles R. Diard Jr.

CC:    Earl Price Underwood, Jr.

CC:    Kenneth J. Riemer

CC:    George R. Irvine, III

CC:    Steven L. Nicholas

CC:    Derek E. Diaz

CC:    Henry A. Callaway, III

CC:    Robert J. Fogarty

CC:    Steven J. Mintz

CC:    Hon. Sonja F. Bivins

CC:    Administrative File

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

September 18, 2008

Charles R. Diard Jr.
Clerk, U.S. District Court
113 SAINT JOSEPH ST
MOBILE  AL  36602-3606

**Appeal Number: 08-10303-HH**
Case Style: Jerome Williams v. Countrywide Home Loans
District Court Number:  06-00799 CV-WS-B

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision,</u> is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 08-10303

District Court Docket No.
06-00799-CV-WS-B

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jul 3, 2008

THOMAS K. KAHN
CLERK

JEROME WILLIAMS,
CLAUDE WILLIAMS, SR.,
LINDA WILLIAMS,

Plaintiffs-Appellants,

versus

COUNTRYWIDE HOME LOANS, INC., et al.,

Defendants,

TICOR TITLE INSURANCE COMPANY,
SAXON HOME MORTGAGE,
HOMEOWNERS LOAN CORPORATION,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
as trustee and custodian of the Ixis Real
Estate Capital Trust 2005-HE3 Mortgage Pass
Through Certificates, Series 2005-HE3,

Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Alabama
--------------------------------------------------------------

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
SEP 18 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:       July 3, 2008
For the Court:  Thomas K. Kahn, Clerk
         By:   Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10303
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00799-CV-WS-B

JEROME WILLIAMS,
CLAUDE WILLIAMS, SR.,
LINDA WILLIAMS,

Plaintiffs-Appellants,

versus

COUNTRYWIDE HOME LOANS, INC., et al.,

Defendants,

TICOR TITLE INSURANCE COMPANY,
SAXON HOME MORTGAGE,
HOMEOWNERS LOAN CORPORATION,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
as trustee and custodian of the Ixis Real
Estate Capital Trust 2005-HE3 Mortgage Pass
Through Certificates, Series 2005-HE3,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Alabama

---

**(July 3, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jerome Williams, Linda Williams and Claude Williams, Sr., appeal from the district court's order granting Ticor Title Insurance Company of Florida's motion to dismiss based on the Appellants' failure to state a claim under § 8 of the Real Estate Settlement Procedure Act (RESPA), codified at 12 U.S.C. § 2607.[1]  The Appellants were charged a $200 fee for a title insurance policy issued by Ticor. Appellants allege that because the title insurance premium was only $102.50 under Alabama law, the remaining $97.50 "surcharge" constituted a fee for something "other than services actually performed" within the meaning of § 8(b) of RESPA. See 12 U.S.C. § 2607(b).

Appellants' claims that the $200 title insurance premium exceeded the

---

[1] We review de novo a "district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Castro v. Sec'y of Homeland Security, 472 F.3d 1334, 1336 (11th Cir. 2006).

2

maximum amount authorized by Alabama law are not actionable under RESPA. We have recently joined the Second, Third, Fourth, Seventh and Eight Circuits in holding that § 8(b) of RESPA "does not govern excessive fees because it is not a price control provision." Friedman v. Market Street Mortgage Corp. (Friedman II), 520 F.3d 1289, 1296 (11th Cir. 2008). We have rejected the notion that courts should break single fees into various "components" for evaluation, as Moody would have us do here with the allegedly "earned" versus "unearned" portions of the fee. Id. at 1297. Moreover, we have held that "subsection 8(b) requires a plaintiff to allege that no services were rendered in exchange for a settlement fee." Id. at 1298 (emphasis added). Appellants merely claim that they were charged an inflated fee for a service that was indisputably provided by Ticor: the issuance of the title insurance policy.[2] Appellants' claims are barred by our prior precedent, and the district court rightly found that such claims are beyond the purview of RESPA.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

[2] Appellants allege that Tricor split the fee with Swafford Settlement Services but not with the lender. Appellents concede, however, that Swafford did perform a service by acting at Tricor's agent and selling the policy on Tricor's behalf.